1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10         **OAKLAND DIVISION**

11

12   | JIANBAO COPPER & ALUMINUM CO., LTD., | CASE NO. CV 11 2520 LB |
13   |
     |          Plaintiff, | **PROTECTIVE ORDER** |
14   |
15   |          v.                          | Action Filed:   May 24, 2011 |
     |                                      | Trial Date:     August 6, 2012 |
16   | AMERICAN METAL GROUP, INC., et al., |
     |          Defendants. |
17
18

19   **1.    PURPOSES AND LIMITATIONS**

20         Disclosure and discovery activity in this action are likely to involve production of

21   confidential, proprietary, or private information for which special protection from public

22   disclosure and from use for any purpose other than prosecuting this litigation may be

23   warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

24   following Stipulated Protective Order.  The parties acknowledge that this Order does not

25   confer blanket protections on all disclosures or responses to discovery and that the

26   protection it affords from public disclosure and use extends only to the limited information

27   or items that are entitled to confidential treatment under the applicable legal principles.

28   The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated

3881252.1

1    Protective Order does not entitle them to file confidential information under seal; Civil

2    Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and

3    the standards that will be applied when a party seeks permission from the court to file

4    material under seal.

5    **2.    DEFINITIONS**

6         **2.1    Challenging Party:**  a Party or Non-Party that challenges the designation

7    of information or items under this Order.

8         **2.2    "CONFIDENTIAL" Information or Items:**  information (regardless of how it

9    is generated, stored or maintained) or tangible things that qualify for protection under

10   Federal Rule of Civil Procedure 26(c).

11        **2.3    Counsel (without qualifier):**  Outside Counsel of Record and House

12   Counsel (as well as their support staff).

13        **2.4    Designating Party:**  a Party or Non-Party that designates information or

14   items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

15        **2.5    Disclosure or Discovery Material:**  all items or information, regardless of

16   the medium or manner in which it is generated, stored, or maintained (including, among

17   other things, testimony, transcripts, and tangible things), that are produced or generated

18   in disclosures or responses to discovery in this matter.

19        **2.6    Expert:**  a person with specialized knowledge or experience in a matter

20   pertinent to the litigation who has been retained by a Party or its counsel to serve as an

21   expert witness or as a consultant in this action.

22        **2.7    House Counsel:**  attorneys who are employees of a party to this action.

23   House Counsel does not include Outside Counsel of Record or any other outside

24   counsel.

25        **2.8    Non-Party:**  any natural person, partnership, corporation, association, or

26   other legal entity not named as a Party to this action.

27        **2.9    Outside Counsel of Record:**  attorneys who are not employees of a party

28   to this action but are retained to represent or advise a party to this action and have

1  appeared in this action on behalf of that party or are affiliated with a law firm which has

2  appeared on behalf of that party.

3      **2.10   Party:**  any party to this action, including all of its officers, directors,

4  employees, consultants, retained experts, and Outside Counsel of Record (and their

5  support staffs).

6      **2.11   Producing Party:**  a Party or Non-Party that produces Disclosure or

7  Discovery Material in this action.

8      **2.12   Professional Vendors:**  persons or entities that provide litigation support

9  services (e.g., photocopying, videotaping, translating, preparing exhibits or

10  demonstrations, and organizing, storing, or retrieving data in any form or medium) and

11  their employees and subcontractors.

12      **2.13   Protected Material:**  any Disclosure or Discovery Material that is

13  designated as "CONFIDENTIAL."

14      **2.14   Receiving Party:**  a Party that receives Disclosure or Discovery Material

15  from a Producing Party.

16  **3.      SCOPE**

17      The protections conferred by this Stipulation and Order cover not only Protected

18  Material (as defined above), but also (1) any information copied or extracted from

19  Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

20  Material; and (3) any testimony, conversations, or presentations by Parties or their

21  Counsel that might reveal Protected Material.  However, the protections conferred by this

22  Stipulation and Order do not cover the following information:  (a) any information that is in

23  the public domain at the time of disclosure to a Receiving Party or becomes part of the

24  public domain after its disclosure to a Receiving Party as a result of publication not

25  involving a violation of this Order, including becoming part of the public record through

26  trial or otherwise; and (b) any information known to the Receiving Party prior to the

27  disclosure or obtained by the Receiving Party after the disclosure from a source who

28  obtained the information lawfully and under no obligation of confidentiality to the

1  Designating Party.  Any use of Protected Material at trial shall be governed by a separate

2  agreement or order.

3  **4.  DURATION**

4  Even after final disposition of this litigation, the confidentiality obligations imposed

5  by this Order shall remain in effect until a Designating Party agrees otherwise in writing or

6  a court order otherwise directs.  Final disposition shall be deemed to be the later of (1)

7  dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

8  judgment herein after the completion and exhaustion of all appeals, rehearings, remands,

9  trials, or reviews of this action, including the time limits for filing any motions or

10  applications for extension of time pursuant to applicable law.

11  **5.  DESIGNATING PROTECTED MATERIAL**

12  **5.1  Exercise of Restraint and Care in Designating Material for Protection**.

13  Each Party or Non-Party that designates information or items for protection under this

14  Order must take care to limit any such designation to specific material that qualifies under

15  the appropriate standards.  The Designating Party must designate for protection only

16  those parts of material, documents, items, or oral or written communications that qualify –

17  so that other portions of the material, documents, items, or communications for which

18  protection is not warranted are not swept unjustifiably within the ambit of this Order.

19  Mass, indiscriminate, or routinized designations are prohibited.  Designations that

20  are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

21  to unnecessarily encumber or retard the case development process or to impose

22  unnecessary expenses and burdens on other parties) expose the Designating Party to

23  sanctions.

24  If it comes to a Designating Party's attention that information or items that it

25  designated for protection do not qualify for protection, that Designating Party must

26  promptly notify all other Parties that it is withdrawing the mistaken designation.

27  **5.2  Manner and Timing of Designations**.  Except as otherwise provided in

28  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

1  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under

2  this Order must be clearly so designated before the material is disclosed or produced.

3    Designation in conformity with this Order requires:

4    (a)    for information in documentary form (e.g., paper or electronic

5  documents, but excluding transcripts of depositions or other pretrial or trial proceedings),

6  that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains

7  protected material.  If only a portion or portions of the material on a page qualifies for

8  protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by

9  making appropriate markings in the margins).

10    A Party or Non-Party that makes original documents or materials available for

11  inspection need not designate them for protection until after the inspecting Party has

12  indicated which material it would like copied and produced.  During the inspection and

13  before the designation, all of the material made available for inspection shall be deemed

14  "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants

15  copied and produced, the Producing Party must determine which documents, or portions

16  thereof, qualify for protection under this Order.  Then, before producing the specified

17  documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

18  that contains Protected Material.  If only a portion or portions of the material on a page

19  qualifies for protection, the Producing Party also must clearly identify the protected

20  portion(s) (e.g., by making appropriate markings in the margins).

21    (b)    for testimony given in deposition or in other pretrial or trial

22  proceedings, that the Designating Party identify on the record, before the close of the

23  deposition, hearing, or other proceeding, all protected testimony.

24    (c)    for information produced in some form other than documentary and

25  for any other tangible items, that the Producing Party affix in a prominent place on the

26  exterior of the container or containers in which the information or item is stored the

27  legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant

28  protection, the Producing Party, to the extent practicable, shall identify the protected

3881252.1

PROTECTIVE ORDER
CV 11-2520 LB

1  portion(s).

2       **5.3    Inadvertent Failures to Designate.**  If timely corrected, an inadvertent

3  failure to designate qualified information or items does not, standing alone, waive the

4  Designating Party's right to secure protection under this Order for such material.  Upon

5  timely correction of a designation, the Receiving Party must make reasonable efforts to

6  assure that the material is treated in accordance with the provisions of this Order.

7  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8       **6.1    Timing of Challenges.**  Any Party or Non-Party may challenge a

9  designation of confidentiality at any time.  Unless a prompt challenge to a Designating

10  Party's confidentiality designation is necessary to avoid foreseeable, substantial

11  unfairness, unnecessary economic burdens, or a significant disruption or delay of the

12  litigation, a Party does not waive its right to challenge a confidentiality designation by

13  electing not to mount a challenge promptly after the original designation is disclosed.

14       **6.2    Meet and Confer.**  The Challenging Party shall initiate the dispute

15  resolution process by providing written notice of each designation it is challenging and

16  describing the basis for each challenge.  To avoid ambiguity as to whether a challenge

17  has been made, the written notice must recite that the challenge to confidentiality is being

18  made in accordance with this specific paragraph of the Protective Order.  The parties

19  shall attempt to resolve each challenge in good faith and must begin the process by

20  conferring directly (in voice to voice dialogue; other forms of communication are not

21  sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging

22  Party must explain the basis for its belief that the confidentiality designation was not

23  proper and must give the Designating Party an opportunity to review the designated

24  material, to reconsider the circumstances, and, if no change in designation is offered, to

25  explain the basis for the chosen designation.  A Challenging Party may proceed to the

26  next stage of the challenge process only if it has engaged in this meet and confer

27  process first or establishes that the Designating Party is unwilling to participate in the

28  meet and confer process in a timely manner.

**6.3** __Judicial Intervention.__  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.** __ACCESS TO AND USE OF PROTECTED MATERIAL__

**7.1** __Basic Principles.__  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

1   Material may be disclosed only to the categories of persons and under the conditions
2   described in this Order.  When the litigation has been terminated, a Receiving Party must
3   comply with the provisions of section 13 below (FINAL DISPOSITION).

4          Protected Material must be stored and maintained by a Receiving Party at a
5   location and in a secure manner that ensures that access is limited to the persons
6   authorized under this Order.

7          **7.2    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise
8   ordered by the court or permitted in writing by the Designating Party, a Receiving Party
9   may disclose any information or item designated "CONFIDENTIAL" only to:

10          (a)    the Receiving Party's Outside Counsel of Record in this action, as
11   well as employees of said Outside Counsel of Record to whom it is reasonably necessary
12   to disclose the information for this litigation and who have signed the "Acknowledgment
13   and Agreement to Be Bound" that is attached hereto as Exhibit A;

14          (b)    the officers, directors, and employees (including House Counsel) of
15   the Receiving Party to whom disclosure is reasonably necessary for this litigation and
16   who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17          (c)    Experts (as defined in this Order) of the Receiving Party to whom
18   disclosure is reasonably necessary for this litigation and who have signed the
19   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20          (d)    the court and its personnel;

21          (e)    court reporters and their staff, professional jury or trial consultants,
22   mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for
23   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
24   (Exhibit A);

25          (f)    during their depositions, witnesses in the action to whom disclosure
26   is reasonably necessary and who have signed the "Acknowledgment and Agreement to
27   Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by
28   the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal

1   Protected Material must be separately bound by the court reporter and may not be

2   disclosed to anyone except as permitted under this Stipulated Protective Order.

3        (g)    the author or recipient of a document containing the information or a

4   custodian or other person who otherwise possessed or knew the information.

5   **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
        OTHER LITIGATION**

6

7        If a Party is served with a subpoena or a court order issued in other litigation that

8   compels disclosure of any information or items designated in this action as

9   "CONFIDENTIAL," that Party must:

10       (a)    promptly notify in writing the Designating Party. Such notification

11   shall include a copy of the subpoena or court order;

12       (b)    promptly notify in writing the party who caused the subpoena or

13   order to issue in the other litigation that some or all of the material covered by the

14   subpoena or order is subject to this Protective Order. Such notification shall include a

15   copy of this Stipulated Protective Order; and

16       (c)    cooperate with respect to all reasonable procedures sought to be

17   pursued by the Designating Party whose Protected Material may be affected.

18       If the Designating Party timely seeks a protective order, the Party served with the

19   subpoena or court order shall not produce any information designated in this action as

20   "CONFIDENTIAL" before a determination by the court from which the subpoena or order

21   issued, unless the Party has obtained the Designating Party's permission.  The

22   Designating Party shall bear the burden and expense of seeking protection in that court

23   of its confidential material – and nothing in these provisions should be construed as

24   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive

25   from another court.

26   **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN
        THIS LITIGATION**

27

28       (a)    The terms of this Order are applicable to information produced by a

1   Non-Party in this action and designated as "CONFIDENTIAL."  Such information

2   produced by Non-Parties in connection with this litigation is protected by the remedies

3   and relief provided by this Order.  Nothing in these provisions should be construed as

4   prohibiting a Non-Party from seeking additional protections.

5           (b)      In the event that a Party is required, by a valid discovery request, to

6   produce a Non-Party's confidential information in its possession, and the Party is subject

7   to an agreement with the Non-Party not to produce the Non-Party's confidential

8   information, then the Party shall:

9                   (1)      promptly notify in writing the Requesting Party and the Non-

10  Party that some or all of the information requested is subject to a confidentiality

11  agreement with a Non-Party;

12                  (2)      promptly provide the Non-Party with a copy of the Stipulated

13  Protective Order in this litigation, the relevant discovery request(s), and a reasonably

14  specific description of the information requested; and

15                  (3)      make the information requested available for inspection by the

16  Non-Party.

17          (c)      If the Non-Party fails to object or seek a protective order from this

18  court within 14 days of receiving the notice and accompanying information, the Receiving

19  Party may produce the Non-Party's confidential information responsive to the discovery

20  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not

21  produce any information in its possession or control that is subject to the confidentiality

22  agreement with the Non-Party before a determination by the court.[1]  Absent a court order

23  to the contrary, the Non-Party shall bear the burden and expense of seeking protection in

24  this court of its Protected Material.

25

26  _____

27  [1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a
    Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.
28

PROTECTIVE ORDER
CV 11-2520 LB

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. **MISCELLANEOUS**

**12.1   Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**12.2   Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3881252.1

PROTECTIVE ORDER
CV 11-2520 LB

1     **12.3**   **Filing Protected Material.** Without written permission from the

2 Designating Party or a court order secured after appropriate notice to all interested

3 persons, a Party may not file in the public record in this action any Protected Material. A

4 Party that seeks to file under seal any Protected Material must comply with Civil Local

5 Rule 79-5 and General Order 62. Protected Material may only be filed under seal

6 pursuant to a court order authorizing the sealing of the specific Protected Material at

7 issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue

8 only upon a request establishing that the Protected Material at issue is privileged,

9 protectable as a trade secret, or otherwise entitled to protection under the law. If a

10 Receiving Party's request to file Protected Material under seal pursuant to Civil Local

11 Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may

12 file the information in the public record pursuant to Civil Local Rule 79-5(e) unless

13 otherwise instructed by the court.

14 **13.**   **FINAL DISPOSITION**

15     Within 60 days after the final disposition of this action, as defined in paragraph 4,

16 each Receiving Party must return all Protected Material to the Producing Party or destroy

17 such material. As used in this subdivision, "all Protected Material" includes all copies,

18 abstracts, compilations, summaries, and any other format reproducing or capturing any of

19 the Protected Material. Whether the Protected Material is returned or destroyed, the

20 Receiving Party must submit a written certification to the Producing Party (and, if not the

21 same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

22 (by category, where appropriate) all the Protected Material that was returned or

23 destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts,

24 compilations, summaries or any other format reproducing or capturing any of the

25 Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

26 archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

27 legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

28 work product, and consultant and expert work product, even if such materials contain

1  Protected Material.  Any such archival copies that contain or constitute Protected Material

2  remain subject to this Protective Order as set forth in Section 4 (DURATION).

3      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5  DATED: _____NOV. 20, 2011_____

6                                  Jeffrey M. Shu
                                Attorneys for Plaintiff

7                                  JIANBAO COPPER & ALUMINUM CO.,
                                LTD.

8

9

10  DATED: __11/21/2011__

11                                  Elizabeth M. Pappy
                                Attorneys for Defendants

12                                  AMERICAN METAL GROUP, INC.,
                                HOWARD MISLE; and

13                                  SCHNITZER STEEL INDUSTRIES, INC.

14

15

16              **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

17

18

19  DATED: _December 2, 2011_

20                                  The Honorable Laurel Beeler

21                                  United States District Magistrate Judge

22

23

24

25

26

27

28

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3        I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of perjury that I

5    have read in its entirety and understand the Stipulated Protective Order that was issued

6    by the United States District Court for the Northern District of California on [date] in the

7    case of _____ **[insert formal name of the case and the number and initials**

8    **assigned to it by the court]**. I agree to comply with and to be bound by all the terms of

9    this Stipulated Protective Order and I understand and acknowledge that failure to so

10   comply could expose me to sanctions and punishment in the nature of contempt. I

11   solemnly promise that I will not disclose in any manner any information or item that is

12   subject to this Stipulated Protective Order to any person or entity except in strict

13   compliance with the provisions of this Order.

14        I further agree to submit to the jurisdiction of the United States District Court for

15   the Northern District of California for the purpose of enforcing the terms of this Stipulated

16   Protective Order, even if such enforcement proceedings occur after termination of this

17   action.

18        I hereby appoint _____ [print or type full name] of

19   _____ [print or type full address and telephone

20   number] as my California agent for service of process in connection with this action or

21   any proceedings related to enforcement of this Stipulated Protective Order.

22   Date: _____

23   City and State where sworn and signed: _____

24   Printed name: _____
                              [printed name]
25

26   Signature: _____
                              [signature]
27

28